## ALFRED L. ELLIS v. THE F. L. C. MARTIN AUTOMOBILE COMPANY.

Submitted December 5, 1908—Decided February 23, 1909.

An application for a new trial on the ground of newly-discovered evidence will be granted when it appears that testimony has in fact been discovered since the former trial, which, by the use of reasonable diligence, could not then have been obtained, and that such testimony is material to the issue, goes to the merits of the case, and is not cumulative.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *George S. Silzer.*

For the defendant, *Reed & Coddington.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff, Alfred L. Ellis, was the owner of an automobile.   The defendant ran a garage, with a repair department, at Plainfield.   On June 18th, 1907, the plaintiff left his automobile at the defendant's garage for repairs.   Certain repairs, hereinafter more particularly stated, were made.   Later, when the plaintiff called for the machine, the company declined to let him have it unless he would pay the bill for the repairs, which he declined to do.   Thereupon the plaintiff caused to be issued a writ of replevin.   The defendant company gave bond and held the car, and this suit resulted.   The jury found a verdict for the plaintiff, whereupon the defendant obtained this rule to show cause why a new trial should not be granted upon the ground of newly-discovered evidence.

According to the plaintiff's testimony at the trial the automobile was left with the defendant company only for the purpose of having an old tire retreaded.   According to the testimony on behalf of the defendant company it was there for general repairs.

It was undisputed that in fact the car was repaired generally by the defendant company, including repairs to, and new parts for, the engine.   But it was contended by the plaintiff that the machine was in good condition when left with the defendant, and that no repairs were necessary and none were ordered excepting that to the tire, and that the repairs to, and new parts for, the engine were rendered necessary only by the negligence of the defendant company in handling the machine while in their care.

It will thus be seen that the condition of the plaintiff's car when it was left with the defendant was material to the issue,

not only as bearing upon the value of the car, but as tending to show for what purpose it was left with the defendant and what repairs were ordered by the plaintiff.

In order to support his contention that it was in good condition the plaintiff testified that he was a physician in active practice; that he had purchased the car in April, 1907, and had used it continuously in his practice from that time until June 18th, 1907, when he took it to the defendant to have the tire retreaded; that he never had any difficulty with it; that it was in good condition when he bought it and was in good condition when he left it with the defendant.

On the other hand, the witnesses called by the defendant company testified in effect that the car was badly in need of repair when it was brought to them, and that the repairs to the engine were rendered necessary by its condition when they received it and not to any negligence upon their part.

At the trial the plaintiff, after testifying that he had owned and driven the car since April, 1907, further stated that he had purchased it of the Manhattan Storage Company of New York.

The newly-discovered evidence is to the effect that in fact the car was bought by the plaintiff on June 14th, 1907 (but four days before it was left at the garage), and that it had never been in his possession before that time; that it was then four years old and was sold as it stood on the floor, without demonstration and without guarantee, and that its value was much less than that stated by the plaintiff on trial.

With respect to this evidence it is sufficient to say that it has in fact been discovered since the former trial; that, by the use of reasonable diligence, it could not have been then obtained; that much if not all of it is material to the issue and goes to the merits of the case and is not cumulative. Under these circumstances, the motion for a new trial ought not to be denied. *Dundee Manufacturing Co.* v. *Van Riper,* 4 *Vroom* 152; *Kursheedt* v. *Standard Bleachery Co., ante* p. 99.

Let the rule to show cause be made absolute.